# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KYION BALL,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:12-894 |
| v. | : | (JUDGE MANNION) |
| **TOM MCGINLEY, Superintendent, SCI-Coal Township,**[1] | : | |
| | : | |
| Respondent | : | |
| | : | |

## MEMORANDUM

Pending before the court is the report of Magistrate Judge Karoline Mehalchick[2], which recommends that the above-captioned petition for writ of habeas corpus be denied. (Doc. 25). The petitioner, through counsel, has filed objections. (Doc. 26). Based upon the court's review of the record, the petitioner's objections will be overruled and the report of Judge Mehalchick will be adopted in its entirety.

When objections are timely filed to the report and recommendation of

---

[1]Substituted per Fed.R.Civ.P. 25(d).

[2]Throughout his objections, counsel for the petitioner repeatedly refers to Judge Mehalchick as the "Magistrate". The title magistrate no longer exists in the United States Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). In the future, counsel is reminded to use the correct title when referring to Judge Mehalchick.

a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The petitioner is serving a life sentence without the possibility of parole after having been convicted in a bench trial on charges of first-degree murder, aggravated assault, carrying a firearm without a license, possession of an

instrument of a crime, and recklessly endangering another person. The petitioner pursued various state court remedies before filing the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The petitioner raises three grounds for relief in his petition. First, the petitioner claims that the trial judge demonstrated judicial bias before and during his trial. This claim is based upon statements made by the judge before and after trial, the relationship of the judge with prosecution witnesses, and the judge's actions at trial, including his permitting a witness to confer with his wife while testifying, pressuring the witness to testify consistently, and accepting only selective portions of the witnesses testimony. In his second claim, the petitioner challenges the trial judge's consideration of evidence outside of the record. Finally, in his third claim, the petitioner argues ineffectiveness of trial counsel for his failure to file a timely notice of alibi.

In her report, Judge Mehalchick addressed each of the above claims in turn. In doing so, Judge Mehalchick determined that the each of the claims raised in the petition lack merit. For his part, counsel for the petitioner challenges each of the individual findings of Judge Mehalchick. The court has reviewed the findings of Judge Mehalchick, as well as the objections made thereto. The court finds that each of the findings are supported by the record and agrees with the sound reasoning presented by Judge Mehalchick for her findings. The court, therefore, adopts the reasoning of Judge Mehalchick in

3

its entirety.

In addition to challenging the individual findings of Judge Mehalchick, petitioner's counsel objects to Judge Mehalchick's report on the basis that she did not discuss the cumulative impact of the claims raised. The cumulative error doctrine provides that:

> "Individual errors that do not entitle a petitioner to relief may do so when combined, if cumulatively, the prejudice resulting from them undermined the fundamental fairness of his trial and denied him his constitutional right to due process. Cumulative errors are not harmless if they had a substantial and injurious effect or influence in determining the jury's verdict, which means that a habeas petitioner is not entitled to relief based on cumulative errors unless he can establish actual prejudice."

Fahy v. Horn, 516 F.3d 169, 205 (3d Cir. 2008) (internal quotation marks omitted) (citations omitted). Cumulative error claims are distinct, standalone, claims subject to exhaustion and procedural default. See Albrecht v. Horn, 485 F.3d 103, 139 (3d Cir. 2007); Collins v. Sec'y of Pa. Dept. of Corrections, 742 F.3d 528, 541-43 (2014) (citing Wooten v. Kirkland, 540 F.3d 1019, 1026 (9th Cir. 2008); Jimenez v. Walker, 458 F.3d 130, 149 (2d Cir. 2006); Keith v. Mitchell, 455 F.3d 662, 679 (6th Cir. 2006); Gonzales v. McKune, 279 F.3d 922, 925 (10th Cir. 2002); Bridges v. Beard, 941 F.Supp.2d 584, 650-51 (E.D.Pa. 2013) (parenthetical information omitted)).

Upon review, the petitioner did not present a cumulative error claim in the state courts and, therefore, the claim was not exhausted. As it is now too late for him to return to the state court to exhaust his claim, it is procedurally

4

defaulted and not properly before this court. The claim will therefore be dismissed.

Finally, the petitioner requests that this court issue a certificate of appealability on each of his claims. A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, a COA will not issue because the petitioner has shown neither the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of his claims.

In light of the above, an appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 16, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2012 MEMORANDA\12-894-01.wpd